UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADAM HART MITCHELL,<br><br>   Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security,*<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>) No. 2:14-cv-278-JHR<br>)<br>)<br>)<br>)<br>)<br>) |

*MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, following this court's reversal and remand of an earlier decision at the commissioner's behest, the administrative law judge failed to rectify the error in the handling of a June 30, 2010, residual functional capacity ("RFC") opinion of treating physician Minda Gold, M.D. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors")

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 13, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 12.

(ECF No. 8) at 3-6.[2] I find no reversible error and, accordingly, affirm the commissioner's decision.

In his earlier decision, dated August 20, 2010, the administrative law judge deemed the plaintiff not disabled, stating, in relevant part, that he gave no weight to the 2010 RFC opinion of Dr. Gold because (i) portions appeared to be completed by the plaintiff's wife and only signed by Dr. Gold, (ii) at a minimum, the opinion appeared to be largely based on the self-report of the plaintiff and his wife, and (iii) the limitations set forth therein, for example, lifting/carrying and standing/walking, were internally inconsistent. *See* Record at 18, 316-23.

The plaintiff appealed that decision to this court, which, by order dated June 14, 2011, remanded the case at the commissioner's behest for further development of the record. *See id.* at 1023. The court instructed that the case be assigned to an administrative law judge who would be directed to, *inter alia*, update the record, conduct a new hearing, reevaluate opinions from two of the plaintiff's treating sources, including Dr. Gold, and reconsider statements from both Dr. Gold and the plaintiff's wife indicating that Dr. Gold had completed and signed the opinion. *See id.* at 1023-24.

The administrative law judge held a hearing on February 2, 2012, during which he admitted new evidence and heard the testimony of the plaintiff, medical experts Peter Webber, M.D., and James M. Claiborn, Ph.D., and vocational expert Sharon R. Greenleaf. *See id.* at 906, 935-36, 938. He then issued the decision at issue, in which, pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), he found, in relevant part, that the plaintiff met the insured status

---

[2] At oral argument, the plaintiff's counsel withdrew a separate contention that the administrative law judge erred in ignoring an October 5, 2011, opinion of Dr. Gold, *see* Statement of Errors at 5-6, acknowledging, as the commissioner had pointed out, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 10) at 10, that the administrative law judge did address that opinion.

2

requirements of the Social Security Act through March 31, 2011, Finding 1, Record at 909; that he had severe impairments of persistent ventral hernia, status-post acute respiratory distress syndrome, obesity, affective disorder/major depressive disorder, anxiety disorder/anxiety disorder not otherwise specified, and substance addiction disorder/alcohol abuse, Finding 3, *id.*; that, if he stopped substance use, he had the RFC to, among other things, lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for 20 to 30 minutes at one time before requiring a break, perform that standing or walking activity for up to four hours in an eight-hour workday, and sit for about six hours in a normal workday, but required the ability to change position for one to two minutes between breaks, Finding 13, *id.* at 921; that, if he stopped substance use, considering his age (34 years old, defined as a younger individual, on his alleged disability onset date, April 28, 2008), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-8, 15-16, *id.* at 919, 925; and that, because substance use disorder was a contributing factor material to the determination of disability, and the plaintiff would not be disabled if he stopped substance use, he had not been disabled within the meaning of the Social Security Act at any time from his alleged onset date of disability, April 28, 2008, through the date of the decision, February 29, 2012, Finding 17, *id.* at 925. The Appeals Council declined to assume jurisdiction of the case after remand, *id.* at 884-87, making the decision the final determination of the commissioner, 20 C.F.R. § 404.984(a)-(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be

supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

In her June 30, 2010, RFC opinion, Dr. Gold assessed the plaintiff as capable, among other things, of occasionally lifting and/or carrying 10 pounds, frequently lifting and/or carrying 25 pounds, standing and/or walking with normal breaks for a total of about six hours in an eight-hour workday, sitting with normal breaks for a total of less than six hours in an eight-hour workday, and limited in his ability to push and/or pull with both his upper and lower extremities. *See* Record at 317. She explained these conclusions as follows:

> Take 2 days to cut the grass due to pain/fatigue, bending over with pain. Unable to stack firewood.
>
> [Plaintiff] having chronic pain post surgically with large ventral hernia/abd[ominal] pain. Repair is not an option due to surgical risks.

*Id*. In the wake of the administrative law judge's August 20, 2010, denial of the plaintiff's application for benefits, Dr. Gold submitted a letter to the plaintiff's counsel dated September 4, 2010, stating:

> I have reviewed your recent correspondence regarding [the plaintiff's] disability claim. Additionally, I reviewed the attached decision by [the administrative law

> judge]. Although I do not have [a] special degree in disability assessment, as a Board Certified Family Physician, I care for and evaluate many patients with disabilities and consider [the plaintiff's] evaluation within my scope of practice.
>
> I personally met with [the plaintiff] and evaluated him after taking a thorough history on a previous visit. Additionally, I reviewed his medical record, hospital records and consultation reports. I filled out the disability paperwork to the best of my clinical ability with [the plaintiff and his wife] in attendance. They did not "check off" any of the boxes on the report. I personally signed the report and scanned it into my medical records.
>
> As it stands, I am at a loss as to what one must do to apply and be approved for disability in this situation. [The plaintiff] would likely do very well with vocational rehabilitation services to train him for a trade within his physical limitations. He is eager to get on with his life.

*Id*. at 380.

Post-remand, the plaintiff also submitted evidence that included an October 5, 2011, progress note in which Dr. Gold stated:

> Between the pain and physical limitations due to the hernia, the PTSD [post-traumatic stress disorder]/major depression initially from the accident, followed by inability to work, financial stressors developing in a man without previous major depressive disorder – impression is [the plaintiff] is disabled at this time from gainful employment. He is unable to concentrate, needs to take several hour rests after 1-2 hours of physical activity, has sleep disturbance and chronic physical pain.

*Id*. at 1280.

In his 2012 decision, the administrative law judge stated, in relevant part:

> There is no general disagreement in the physical [RFC] assessed by the undersigned, by the DDS experts, and the [plaintiff's] treating primary care physician Dr. Minda Gold as assessed on June 30, 2010. There are some specific points of disagreement.[3]
>
> *\*\*\**
>
> The undersigned observes that Dr. Gold stated that the [plaintiff] could sit, with normal breaks, for less than six hours in a workday. This is internally inconsistent with her other responses on the form and was an apparent writer's error on her part. She opined that the [plaintiff] could stand and/or walk about six hours in a workday

---

[3] The "DDS experts" are agency nonexamining consultants Donald Trumbull, M.D., and Richard T. Chamberlin, M.D., both of whom completed physical RFC assessments. *See* Record at 665-72, 713-20.

5

>and lift up to 25 pounds frequently. She did not identify any particular limitation that would allow those more strenuous activities but limit sitting. The obvious intention of Dr. Gold was to indicate that the [plaintiff] could sit for about six hours in a workday.

*Id*. at 922 (citations omitted).

The plaintiff complains that the administrative law judge again erroneously rejected the Gold opinion insofar as it pertained to his ability to sit. *See* Statement of Errors at 4. He asserts that it was far from obvious that she intended to assess a greater sitting ability, particularly in view of her reaffirmation on September 4, 2010, of her RFC opinion. *See id*. He notes that, at hearing, Dr. Webber indicated that he had no disagreement with Dr. Gold's opinion, indeed stating that Dr. Gold may have thought the plaintiff could do more than the plaintiff did. *See id*.; Record at 969-70. He contends that, because the administrative law judge found a "mistake" not confirmed by Dr. Gold, he was obliged at a minimum to recontact her for clarification pursuant to Social Security Ruling 96-5p ("SSR 96-5p"). *See* Statement of Errors at 5.

He asserts that the error was not harmless in that all of the jobs on which the administrative law judge relied at Step 5 are sedentary, and the vocational expert present at the plaintiff's 2010 hearing testified that an inability to sit for six hours in a workday eliminated sedentary work. *See id*. at 6; Record at 81, 925. Moreover, he notes that the plaintiff testified, and Dr. Gold affirmed, that he had a need to lie down, which the vocational expert present at his post-remand hearing testified would eliminate all work. *See* Statement of Errors at 6; Record at 949-51, 992, 1280.

The commissioner concedes that the administrative law judge erred in rejecting the sitting limitation on the basis that it was an "obvious" scrivener's error. *See* Opposition at 4. However, she persuasively argues that the error was harmless because the rejection is otherwise supported by substantial evidence. *See id*. at 4-5. As she notes, *see id*., the administrative law judge rejected the sitting restriction in part because Dr. Gold failed to identify any limitation that would support

6

the more strenuous walking/standing capabilities that she assessed and yet limit sitting, *see* Record at 922.  This is a fair characterization of the Gold opinion.  Dr. Gold indicated that all of the assessed exertional limitations emanated from the plaintiff's abdominal hernia and pain, providing, as examples, several of his reported limitations in undertaking activities, including stacking firewood.  *See id*. at 317.  However, she neither explained the sitting restriction nor provided an example bearing on the plaintiff's ability to sit.  *See id*.

This was a reasonable basis on which to reject Dr. Gold's opinion as to the plaintiff's sitting capacity.  *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, . . . [and the] better an explanation a source provides for an opinion, the more weight we will give that opinion."); *Brown v. Colvin*, No. 2:13-cv-473-JHR, 2015 WL 58396, at *4 (D. Me. Jan. 5, 2015) (administrative law judge reasonably rejected treating source's opinion in part because it was based on claimant's subjective allegations; "Social Security law requires that there be an objective basis for a physician's opinion recorded somewhere in his or her records").

The plaintiff argues that, rather than supplying a basis to reject the sitting restriction, the administrative law judge's observation that Dr. Gold "did not identify any particular limitation that would allow those more strenuous activities but limit sitting" triggered an obligation to recontact her for clarification pursuant to Social Security Ruling 96-5p ("SSR 96-5p").  *See* Statement of Errors at 5; Record at 922; *Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *9 (D. Me. Sept. 27, 2012) (rec. dec., *aff'd* Oct. 23, 2012) (the duty to recontact a treating source pursuant to SSR 96-5p "is triggered only when (i) the evidence does not support a treating source's opinion and (ii) the adjudicator cannot ascertain the basis of the opinion from the case record") (citations and internal punctuation omitted).  At oral argument, his counsel contended that this is

7

a "textbook case" for application of the rule, given the administrative law judge's unwarranted assumption that Dr. Gold did not mean what she said.

Nonetheless, as the commissioner argues, *see* Opposition at 9, an administrative law judge is not required to recontact a treating source "whenever the administrative law judge would otherwise reject that source's opinion," *Paradise v. Astrue*, No. 1:10-cv-236-JAW, 2011 WL 1298419, at *6 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011).  The administrative law judge did not indicate that he was unclear as to the bases for Dr. Gold's limitation but, rather, that it was unsupported.  *See* Record at 922.  Indeed, as counsel for the commissioner observed at oral argument, Dr. Gold was asked to, and did, set forth the bases for her opinion.  *See id*. at 317.

In any event, as the commissioner points out, *see* Opposition at 9, "a default in the duty to recontact is reversible error not only when an adjudicator cannot ascertain the basis of a treating source's opinion from the case record but also when the record is inadequate to make a determination of disability[,]" *Anderson*, 2012 WL 5256294, at *10.  The record in this case, which totals more than 1,300 pages, includes the RFC opinions of the two agency nonexamining consultants, Drs. Trumbull and Chamberlin, *see* Record at 665-72, 713-20, as well as the opinions of Dr. Gold, *see id*. at 316-23, 380, 1280, and Dr. Webber's testimony at the plaintiff's 2010 and post-remand hearings, *see id*. at 28-29, 935-36.

The administrative law judge stated that he gave great weight to the opinion of Dr. Webber, who, in addition to testifying that the Trumbull and Chamberlin opinions were reasonable, stated that he could not assess the plaintiff's allegation of a need to lie down during the day because it was subjective and that he believed there was an element of deconditioning holding the plaintiff back.  *See id.* at 923; *see also id*. at 968-70.  Dr. Webber further testified that sedentary work might be appropriate for the plaintiff.  *See id*. at 968.  Hence, the Trumbull, Chamberlin, and Webber

opinions collectively support a capacity to sit for six hours in an eight-hour workday. *See id*. at 666, 714, 968-70. The administrative law judge further explained why he found not credible the plaintiff's allegations of greater restrictions than those he assessed. He noted, for example, that the fact that the plaintiff had attempted to work at jobs requiring considerable exertion did not support his alleged severity of symptoms, even though he was unable to perform such jobs on a full-time basis, that he had engaged in other activities well beyond the sedentary level since his alleged onset date of disability, and that he had failed to follow the advice of his treating psychologist that he seek vocational rehabilitation and could not offer an explanation for that failure. *See id*. at 923. The plaintiff does not separately challenge that credibility determination. *See generally* Statement of Errors.

This was a sufficient record on which to make a determination of non-disability.[4]

## II.  Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 17th day of April, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] Moreover, as the commissioner points out, *see* Opposition at 9-10, although the administrative law judge did not contact Dr. Gold for clarification, the plaintiff's former counsel contacted her in the wake of the issuance of the 2010 decision, supplying her with a copy of that decision, *see* Record at 380. She could have, but did not, address the administrative law judge's criticism that "the limitations set forth therein, for example lifting/carrying and standing/walking, are internally inconsistent." *Id*. at 18, 380.